## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DARREL DEON HARVEY,

       Plaintiff,

v.                          CASE NO. 4:24cv494-RH-MAF

RICKY DIXON et al.,

       Defendants.

_____/


## <u>ORDER OF DISMISSAL</u>


A state-court jury convicted Darrel Deon Harvey of traveling to meet a
minor for the purpose of illegal sexual conduct in violation of Florida Statutes
§ 847.0135(4)(a). He was sentenced on June 14, 2018. Both the judgment and a
separate order entered the same day required Mr. Harvey to register as a sex
offender. Registration was mandatory under Florida law. The sentence included a
term in prison followed by a term of probation. The conditions of probation
included, among other things, restrictions on Mr. Harvey's use of the internet and
contact with children other than his own.

In this civil action under 42 U.S.C. § 1983, Mr. Harvey challenges the
requirement to register as a sex offender and the internet and child-contact

probation conditions. Three defendants have filed separate motions to dismiss. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 73, and the objections, ECF No. 74. I have reviewed de novo the issues raised by the objections.

Mr. Harvey's challenge to the registration requirement is barred by the statute of limitations. Mr. Harvey had actual notice of the registration requirement and knew all he needed to know to challenge that requirement when he was sentenced and the separate order was entered. That triggered the four-year limitations period for a § 1983 action in Florida. *See McGroaty v. Swearingen*, 977 F.3d 1302 (11th Cir. 2020) (affirming dismissal of a sex-offender registry challenge as time-barred); *see also Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003) (affirming dismissal of challenge to changes in parole statute as time barred); *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259 (11th Cir. 2003) (same). This is not a case in which the defendant did not have notice of the challenged requirement until some point within the four-year period. *See Holland v. Governor of Ga.*, 669 F. App'x 541 (11th Cir. 2016). And it is not a case in which the defendants continued to take new action with new or continuing consequences within the four-year period. *See Doe #6 v. Swearingen*, 51 F.4th 1295 (11th Cir. 2022).

The statute of limitations standing alone is a sufficient basis to dismiss this action. And even if not barred by the statute of limitations, Mr. Harvey's assertion that he could not properly be required to register would fail on the merits. It has long been settled that a state can require registration based on a defendant's offense of conviction without an individualized inquiry into dangerousness. *See, e.g.*, *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–7 (2003) (rejecting a procedural-due-process challenge to placement of a sex offender on the registry without a hearing on dangerousness); *Smith v. Doe*, 538 U.S. 84 (2003) (holding Alaska's registry constitutional even as applied to offenses committed before the registry was created); *Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005) (holding Florida's registry constitutional).

Mr. Harvey's assertion that he was not properly convicted at all could be brought only in a petiton for a writ of habeas corpus under 28 U.S.C. § 2254. This is not such a petition. And in any event, Mr. Harvey has already brought and lost such a petition in this court, and the Eleventh Circuit has denied a certificate of appealability. *See Harvey v. Dixon*, No. 4:24-cv-3-MW-HTC (N.D. Fla. July 15, 2024), *cert. of appealability denied*, No. 24-12568-D (11th Cir. Dec. 23, 2024). Mr. Harvey could bring a second or successive petition only if authorized by the Eleventh Circuit. *See* 28 U.S.C. § 2244.

Mr. Harvey's challenge to the internet and child-contact restrictions is also barred by the statute of limitations. This standing alone is a sufficient basis to dismiss this part, as well as the remainder, of this action. And even if not time-barred, it is likely the challenge to the internet and child-contact restrictions would properly be dismissed. These restrictions were not created directly by the Florida sex-offender statutes but instead were included in Mr. Harvey's conditions of probation. A challenge to state-court conditions of probation, like a challenge to a state-court conviction itself, can properly be brought by a § 2254 petition for a writ of habeas corpus. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding a parolee was "in custody" for habeas purposes and thus could bring a 28 U.S.C. § 2241 habeas petition); *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (citing *Jones*); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (holding that owing a fine does not render a person "in custody" under § 2254 but citing *Jones* and recognizing that probation or parole does render a person "in custody"). This is not a § 2254 petition, and as set out above, Mr. Harvey has not obtained the Eleventh Circuit's authorization to pursue another § 2254 petition.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The motions to dismiss, ECF Nos. 49, 50, and 51, are granted.

3. All other pending motions are denied.

4. The clerk must enter judgment stating, "This action is dismissed with prejudice."

5. The clerk must close the file.

SO ORDERED on September 18, 2025.

s/Robert L. Hinkle
United States District Judge